UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES IRVIN,

       Plaintiff,

v.                                                     Case No.:  8:08-cv-1829-T-24-EAJ

MISTER CAR WASH,

       Defendant.
_____/

## **O R D E R**

This cause comes before the Court on Defendant Mister Car Wash's Motion to Dismiss Complaint.  (Doc. No. 6.)  Plaintiff Charles Irvin opposes the motion.  (Doc. No. 8.)

**I.**     **Background**

Plaintiff Charles Irvin, a black male, brought this suit against his former employer Defendant Mister Car Wash for violating his civil rights and his right of self defense.  These are the facts viewed in the light most favorable to Irvin:  Irvin was employed as a manager of Mister Car Wash.  Mister Car Wash had a clean-shave/no-facial hair policy, which Irvin was required to enforce.  On March 21, 2008, Irvin attempted to enforce this policy on a black employee named Brandon Henry.  Henry became angry, shouted racial slurs at Irvin, and attempted to hit him.  Irvin ducked to avoid Henry's swing and then pushed Henry away from him.  The city police were called to the scene; however, no charges were issued.

Mister Car Wash conducted an investigation of the incident during which Irvin was suspended without pay.  Eventually, Mister Car Wash terminated him.  Mister Car Wash stated that the reason for Irvin's termination was that he should have called 911 instead of the city

police when Henry tried to hit him.

It is difficult to discern what causes of action Irvin is attempting to allege against Mister Car Wash because his factual allegations are interspersed with random, disjointed, and haphazard references to the law and literature. Generally speaking, Count I of the complaint contains Irvin's factual allegations regarding the March 21, 2008 incident and does not contain a claim for relief. In Count II, Irvin alleges that Mister Car Wash deprived him of his legal right to self-defense under Florida Statute § 776.012. Irvin re-asserts this claim using different terminology in Counts III and IV. Throughout Counts II, III, and IV, Irvin also phrases his case as one for disparate treatment under 42 U.S.C. § 1981, hostile work environment, and retaliatory discharge.

**II.     Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at __, 127 S. Ct. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.*

(citation omitted).

### III.  Discussion

Irvin argues that this case requires the Court "to grapple with the history and sociology of racial and economic oppression." The Court declines to take on such an arduous task, and instead elects to take a more straightforward view of the facts and allegations presented in this case. Irvin alleges that he was terminated wrongfully when he got into a physical fight with a subordinate employee of his same race, a fight which resulted from his attempt to enforce his employer's facial hair policy. His termination was wrongful, he alleges, because it was racially discriminatory and because it deprived him of his right of self defense.

Viewing the complaint in the light most favorable to Irvin, the Court concludes that a majority of his claims must be dismissed. Irvin alleges that Mister Car Wash had a pattern and practice of discriminating against black managers and maintained a hostile work environment. Irvin further alleges that Mister Car Wash's act of depriving him of his legal right of self defense "constitutes a badge of involuntary servitude and slavery, in that [Mister Car Wash] in essence deputized and adopted Brandon Henry's insubordinate and racialist assault." Finally, Irvin alleges that Mister Car Wash terminated him in retaliation for his engaging in the protected activity of pushing Henry.

Although Irvin has recited many of the "magic words"– pattern and practice, hostile work environment, protected activity, and retaliatory discharge–, these allegations are not supported by facts and do not give Mister Car Wash fair notice of what the claims are and the grounds upon which they rest. These generalized allegations of discrimination are insufficient, as he is required to allege more than mere "labels and conclusions." *See Bell Atlantic Corp.,* __ U.S. at

3

__, 127 S. Ct. at 1965.

Moreover, any claim that Mister Car Wash deprived Irvin of his statutory right to self defense must be dismissed. Florida Statute § 776.012 provides that a "person is justified in using force . . . against another when . . . the person reasonably believes that such conduct is necessary to defend himself . . . against the other's imminent use of unlawful force." The statute does not provide a civil cause of action for employees when they are wrongfully terminated for acting in self-defense. Rather, this statute, together with § 776.032, provides immunity from criminal and civil suits for a person who uses force as permitted by § 776.012. Irvin has provided no support for his argument that these statutes create a public policy exception to the employment-at-will doctrine. Irvin cannot state a claim for wrongful termination against Mister Car Wash under § 776.012 because that statute does not provide him any cause of action whatsoever.

The only allegation that is sufficient to survive this motion to dismiss is Irvin's allegation that a similarly-situated white manager, Kenny Calhoun, was not terminated after he got into a fight at work and therefore received more favorable treatment because of his race. This claim, however brief, adequately states a claim for race discrimination. Irvin may proceed on this claim only. However, because this claim is buried among Irvin's various other claims that the Court has ruled insufficient, Irvin is directed to file an amended complaint. Irvin's amended complaint may only purport to state a claim for disparate treatment based on the allegation that a similarly-situated white manager was treated more favorably.

**IV.   Conclusion**

For the foregoing reasons, Defendant Mister Car Wash's Motion to Dismiss is **GRANTED**. Plaintiff Charles Irvin's complaint is **DISMISSED WITHOUT PREJUDICE**.

Plaintiff Irvin is directed to file an amended complaint on or before October 31, 2008.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of October, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record