# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CHARLES IRVIN,**

    **Plaintiff,**

**v.**                                           **CASE NO. 8:08-CV-1829-T-24EAJ**

**MISTER CAR WASH,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion to Proceed In Forma Pauperis on Appeal** (Dkt. 19), and his **Affidavit of Indigency** (Dkt. 20), filed on December 5, 2008. On October 20, 2008, the court dismissed Plaintiff's complaint without prejudice but permitted Plaintiff to file an amended complaint stating only a claim for disparate treatment by his former employer (Dkt. 9 at 4). Plaintiff ultimately filed an amended complaint that complied with the court's directive (Dkt. 12). However, the court denied Plaintiff's motion to reconsider its order dismissing Plaintiff's original claims (Dkts. 9, 16). Defendant filed a notice of interlocutory appeal of that order on November 20, 2008 (Dkt. 17), and the case was administratively closed. Plaintiff now seeks to proceed on appeal in forma pauperis.

Under Fed. R. App. P. 24(a)(1), a party to a district court action who seeks to appeal in forma pauperis must file a motion and an affidavit in the district court that details the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the legal issues on appeal. Similarly, the in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent

person. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). A trial court has wide discretion in determining whether to grant or deny a motion filed pursuant to § 1915. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (citations omitted). When presented with a motion to proceed in forma pauperis, the court should first consider only "whether the statements in the affidavit satisfy the requirements of poverty," and the court should accept the statements in the affidavit as true absent a serious misrepresentation. Id. at 1307 (citations omitted).

Plaintiff does not demonstrate an inability to pay fees and costs. Although he attests to being in bankruptcy proceedings, he and his wife own a home and two cars and they have jobs that earn a combined $5,277.00 in monthly income (Dkt. 20). According to Plaintiff's affidavit, his monthly debts do not exceed his combined income, and Plaintiff has received at least $7,150.00 in public unemployment assistance over the past twelve months (Id. at 3-4). Thus, Plaintiff does not meet the indigency requirements of the in forma pauperis statute or Fed. R. App. P. 24(a)(1).[1]

Plaintiff's ability to pay court costs and fees warrants denial of permission to proceed on appeal in forma pauperis.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)    Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 19) be **DENIED.**

---

[1] Further, neither Plaintiff's notice of interlocutory appeal (Dkt. 17) nor his motion to proceed in forma pauperis on appeal (Dkt. 19) states the legal issues on appeal. Where Defendant's affidavit of indigency asks for a "Brief Statement of the Nature of the Action" Defendant explains that he has filed for bankruptcy and does not have money to pay court costs (Dkt. 20 at 1). Again, there is no statement of the legal issues on appeal. Consequently, the court is also unable to determine whether Plaintiff's appeal is taken in good faith.

**Date: December 10 , 2008**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge